PATRICIA A. JOHNSON AND OTHERS v. SARAH O'BRIEN, EXECUTRIX OF ESTATE OF CORNELIUS O'BRIEN, AND OTHERS.

144 N. W. (2d) 720.

August 19, 1966—No. 39,910.

---

[3] Henderson v. Northwest Airlines, Inc. 231 Minn. 503, 511, 43 N. W. (2d) 786, 792; Sanborn v. Webster, 2 Minn. 277 (323).

*Carl E. Erickson,* for appellants.
*Ryan, Ryan & Ebert,* for respondents.

OTIS, JUSTICE.

This action and O'Brien v. Johnson, 275 Minn. 305, 148 N. W. (2d) 357, are companion cases and were argued on the same day. They involve substantially the same parties. Both challenge the validity of conveyances made in derogation of the claims of creditors previously awarded verdicts exceeding $100,000 for personal injuries sustained through the negligence of the judgment debtors.

The plaintiff creditors here seek to set aside a conveyance of real estate made by the elder O'Briens to their sons. The trial court in essence found that the conveyance as to respondent C. J. O'Brien III (hereinafter referred to as O'Brien Junior) was made by his father (who will be referred to as O'Brien Senior) with intent to defraud creditors and that O'Brien Junior was aware of his father's purpose. The court further found that as to O'Brien Junior the conveyance was for a fair consideration and without intent on his part to defraud the plaintiffs, and concluded that it was valid as to him but void as to a brother, Lawrence. From judgment entered pursuant to these findings the plaintiffs appeal.

It appears without dispute that the property in question, which for

convenience is described as the Baxter warehouse, was acquired in August 1953 in the name of Mr. and Mrs. O'Brien Senior. The purchase price was obtained through mortgage loans in the sum of $17,000 secured by the warehouse and other property owned by the O'Briens. In October 1955 the plaintiffs sustained injuries out of which judgments against the O'Briens arose in February 1960. In anticipation of this litigation, the O'Briens Senior transferred the Baxter warehouse to their sons, Lawrence and O'Brien Junior, on December 15, 1955.

With respect to Lawrence O'Brien, the trial court has found that the conveyance was without consideration and invalid, from which determination there has been no appeal. The issue before us relates only to the question of whether the evidence supports a finding of fair consideration with respect to O'Brien Junior and, if so, whether his knowlege of his parents' intent to defraud creditors vitiates the conveyance.

At the time of the conveyance the warehouse property was valued at $16,000 subject to a mortgage of $12,543.08, leaving an equity of $3,456.92. The property was used by O'Brien Senior and O'Brien Junior as equal partners in the operation of a beverage company. The equity was created out of partnership funds, $2,228.46 of which represented O'Brien Junior's share of the amount which had been paid at the time of the conveyance.[1] From the facts recited it is evident that O'Brien Junior contributed from funds to which he was entitled at least half of the amount paid on the mortgage at the time of the conveyance.

It is conceded that this and other conveyances rendered the O'Briens Senior insolvent. The applicable statutes are as follows:

"513.23 CONVEYANCE BY INSOLVENT. Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."

---

[1] Subsequently principal and interest continued to be paid by the partnership. In January 1959, O'Brien Junior acquired a 90-percent interest in the partnership, leaving 10 percent in O'Brien Senior. The balance of the mortgage was satisfied by O'Brien Junior from the proceeds of a loan secured by a mortgage on his home in May 1962.

"513.22 Fair Consideration Defined. Fair consideration is given for property, or obligation,

"(1) When in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied, or

"(2) When such property, or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property, or obligation obtained."

"513.26 Conveyance Made With Intent to Defraud. Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors."

Both parties cite and rely on Neubauer v. Cloutier, 265 Minn. 539, 122 N. W. (2d) 623. In that case the debtor conveyed real estate to his mother and sister, thereby putting it out of the reach of a former wife. We affirmed a determination that the conveyance was valid, holding there was no evidence the debtor was rendered insolvent nor any showing of intent to defraud creditors. We stated among other things (265 Minn. 547, 122 N. W. [2d] 630):

"* * * The fact that the grantor may have intended to give a preference to the debt owed his mother and sister is not evidence of an intent to hinder, delay, and defraud creditors within the meaning of § 513.26."

What we said in Thompson v. Schiek, 171 Minn. 284, 287, 213 N. W. 911, 912, applies with equal force in the instant case:

"Payment of an honest debt is not fraudulent under the general statutes against fraudulent conveyances although it operates as a preference, the rule being that a preference by an insolvent debtor of one of his creditors can be avoided only by appropriate proceedings under the bankruptcy law and is not open to attack in an action brought by another creditor."

As we construe the statutes, this transaction is not as a matter of law tainted with bad faith so far as O'Brien Junior is concerned because he

was aware of his parents' intent to defraud their creditors. The consideration was fair, and not disproportionately small in relationship to the value of the equity to which O'Brien Junior was entitled. In our opinion the plaintiff's remedy was by way of bankruptcy proceedings where the priority of creditors could have been adjudicated in the manner suggested in the Thompson case.

We therefore hold that the conclusions of the trial court are supported by the evidence, and the determination that the conveyance to O'Brien Junior was valid is affirmed.

Affirmed.